Filed 7/25/16  P. v. White CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALFONSO L. WHITE,<br><br>Defendant and Appellant. | B267521<br><br>(Los Angeles County<br>Super. Ct. No. MA055259) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric P. Harmon, Judge.  Affirmed.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

* * * * * *

Defendant Alfonso L. White pled no contest to burglary and attempting to dissuade a witness. Following defendant's plea, the court imposed sentence, suspended his sentence, and placed him on probation. Defendant later violated his probation, and the court then imposed the suspended sentence. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), defendant's counsel filed an opening brief requesting that this court review the record to determine whether any arguable issue exists on appeal. We find no arguable issue and affirm.

## BACKROUND

### 1. *Events Underlying Defendant's Plea*

At the preliminary hearing, Tyeisha Mercer testified that defendant was her ex-boyfriend. On January 31, 2012, at approximately 9:30 p.m., she was home with her friends Tyla Ashe, Dee, and Mike, and her three children. (The record does not provide Dee's or Mike's surname.) Defendant banged on Mercer's front door, ordering her four or five times to open it. Mercer told defendant to leave. She called the police. Defendant held a hammer and threatened to "fuck the car up" and then banged on the door with the hammer.

Dee and Mike tried to leave Mercer's house and, as they were leaving, defendant grabbed Mercer's hair. Defendant pulled Mercer outside the house and dragged her on the ground. He dragged her through the grass and ripped her shirt, removing it. Defendant hit Mercer's chest. He then continued to drag her. Defendant also tried to kick Mercer's face. Mercer told defendant she was calling the police, and he grabbed Mercer's cell phone. Mercer ran to her neighbor's house to call the police.

Ashe testified that she heard defendant banging on the door and saw him holding a hammer. When Mercer opened the door, defendant pulled her hair and dragged her outside the door. Defendant hit Mercer and tried to kick her in the face. Defendant pushed Ashe, who fell and hit her knee. Defendant ripped off Mercer's clothing.

### 2. *Defendant's Plea*

Defendant pled no contest to one count of burglary (Pen. Code, § 459) and one count of attempting to dissuade a witness by preventing a report of victimization to law enforcement (Pen. Code, § 136.1, subd. (b)(1)). Defendant was ordered to serve six years eight months in

2

state prison.  The sentence was suspended, and defendant was placed on five years of formal probation with several terms and conditions.

### 3.  *Defendant Violates Probation and the Suspended Sentence Is Imposed*

Defendant did not comply with his payment obligations or reporting obligations.  He did not complete the required domestic violence program.  Defendant then stopped reporting to probation, and his whereabouts were unknown for one and a half years.  The probation department reported that in May 2015, defendant was arrested for a assault with a deadly weapon, criminal threats, and threatening a victim with a weapon.  According to the probation department, defendant pled guilty to a misdemeanor offense.

Defendant later admitted that he violated probation and had been arrested.  He admitted that he failed to comply with other conditions of probation.  The court imposed the suspended sentence.  This appeal followed.

## DISCUSSION

We appointed counsel to represent defendant.  Counsel identified no issues.  We advised defendant that he had 30 days to submit a letter identifying any contentions, and defendant did not file a letter.  We have examined the entire record.  We are satisfied no arguable issue exists, and defendant's counsel has fully satisfied his responsibilities.  (*Wende, supra*, 25 Cal.3d 436, 441-443; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *Smith v. Robbins* (2000) 528 U.S. 259, 279-284.)

## DISPOSITION

The judgment is affirmed.


                                        FLIER, J.

WE CONCUR:



        BIGELOW, P. J.              GRIMES, J.


3